**State of Vermont**
**Superior Court—Environmental Division**

======================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
======================================================================

**In re Howard Center Renovation Permit**                    **Docket No. 12-1-13 Vtec**

Title: Motion to Amend Statement of Questions (Filing No. 6)

Filed: June 10, 2013

Filed By:  Appellant South Burlington School District

Response filed on 6/24/2013 by Appellee HowardCenter, Inc.

Reply filed on 7/1/2013 by Appellant

Supplemental Response filed on 7/1/2013 by Appellee

___ Granted                    _X_ Denied                    ___ Other

On January 30, 2013, the South Burlington School District (the District) appealed the decision of the City of South Burlington Development Review Board (the DRB) to affirm the approval of zoning permit #ZP-12-292 (the Permit), awarded to HowardCenter, Inc. (Applicant) for interior renovations to a location that Applicant proposes to use as a methadone clinic.  The District now seeks to amend its Statement of Questions to include a sixth question:

> Whether exterior renovations are permissible under the HowardCenter's permit for interior renovations and whether the renovations at 364 Dorset Street exceed the scope of the permit and require additional review under the [City of South Burlington Land Development Regulations].

(Amended Statement of Questions at 2, filed June 10, 2013.)  The alleged exterior renovations to which the District refers are outdoor security cameras recently installed on the exterior of the building that Applicant rents and proposes for interior renovations.  Outdoor security cameras do not form a part of the application under consideration in this appeal.

As a general matter, this Court liberally grants motions to amend a Statement of Questions.  In re Ridgewood Estates Homeowners Ass'n, No. 57-4-10 Vtec, slip op. at 7 (Vt. Super. Ct. Envtl. Div. Jan. 26, 2011) (Wright, J.) (citing Appeal of Town of Fairfax, No. 45-3-03 Vtec, slip op. at 5 (Vt. Envtl. Ct. June 13, 2005) (Wright, J.)).  We look to the same concerns as the Civil Division does when determining whether to grant a motion to amend a complaint; that is, we consider if there has been undue delay or bad faith by the moving party, whether the other parties will be prejudiced, and whether the amendment will be futile.  Colby v. Umbrella, Inc., 2008 VT 20, ¶ 4, 184 Vt. 1; In re Huntington Remodeling Appl., No. 210-10-07 Vtec, slip op. at 4–5 (Vt. Envtl. Ct. Nov. 5, 2008) (Durkin, J.).

In this case, Applicant argues that the proposed Question 6 is futile insofar as it exceeds the scope of this appeal, which is not an enforcement proceeding, but rather an appeal of Applicant's zoning permit.  Applicant states that its permit application is solely for interior renovations at 364 Dorset Street and does not seek approval for any exterior renovations,

including the installation of exterior security cameras. Accordingly, Applicant argues that this Court cannot include the installation of exterior cameras as part of its review of Applicant's permit application. We agree with this analysis.

The District contends that proposed Question 6 raises concerns of whether Applicant and its landlord "had an arrangement to allow the HowardCenter to avoid further review by limiting its application to one for internal renovations." (Appellant's Reply at 2, filed July 1, 2013.) In light of this alleged scheme, the District argues, the exterior cameras may be integral to Applicant's interior renovation project, should be considered part of Applicant's zoning permit application, and "reflect that the use of the building as a methadone clinic is a change or expansion of use [requiring] additional review under the South Burlington Land Development Regulations." (Mot. to Amend Statement of Questions at 3, filed June 10, 2013.)

We find the District's argument unpersuasive. In an appeal of a municipal permitting decision below, this Court determines whether a proposed project complies with the applicable municipal regulations. Applicant has clearly stated that it does not propose to include exterior security cameras as part of its interior renovations. We review the project as proposed. Accordingly, we **DENY** the District's motion to amend its statement of questions.

_____     _____July 25, 2012_____
        Thomas G. Walsh, Judge                              Date

==============================================================================

Date copies sent: _____                Clerk's Initials _____
Copies sent to:

  Sean M. Toohey and Pietro J. Lynn, Attorneys for Appellant South Burlington School District

  Franklin L. Kochman, Attorney for Appellee HowardCenter, Inc.

  Joseph S. McLean, Attorney for Interested Person City of South Burlington

  Interested Person Dorset St. Real Estate Holdings, LLC